**CIRCUIT CITY, INC., Plaintiff— Appellant,**

v.

**Joanne Michelle MCLEMORE, Defendant—Appellee.**

No. 02–15058.

D.C. No. CV–01–03309–SBA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2003.

Decided July 10, 2003.

Before HILL,* T.G. NELSON, and HAWKINS, Circuit Judges.

## MEMORANDUM**

■ The *Rooker–Feldman* doctrine does not bar the district court from taking jurisdiction. The California Court of Appeal did not make a judgment on the merits, but instead found that the Superior Court had failed to consider whether an agreement existed between the parties and, if so, whether it was enforceable under California law. The matter was remanded to the Superior Court for an evidentiary hearing. Because the California courts have not conclusively ruled on the enforceability of the arbitration agreement, the district court would not have been required to directly review or adjudicate claims "inextricably intertwined" with a final judgment of a state court. *See G.C. and K.B. Inv., Inc. v. Wilson,* 326 F.3d 1096, 1103 (9th Cir.2003).

■ We instead determine that this case falls within the narrow confines of the *Colorado River* doctrine, which permits the stay of a federal suit pending the

---

* Honorable James C. Hill, Senior United States Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

outcome of state proceedings when considerations of "wise judicial administration" so demand. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 818, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The eight factors considered under *Colorado River* are: (1) which court first assumed jurisdiction over the property involved in the suit; (2) convenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether "federal law provides the rule of decision on the merits;" (6) whether the state court proceedings are adequate to protect the federal litigant's rights; (7) the prevention of forum shopping; and (8) whether the two actions are substantially similar. *See Travelers Indem. Co. v. Madonna,* 914 F.2d 1364, 1367–68 (9th Cir.1990).

The first factor is inapplicable, the second factor favors continuation of the federal proceedings and the remaining six factors weigh in favor of a stay. As such, we determine that application of the *Colorado River* doctrine is appropriate.

The district court's order dismissing is VACATED. The case is REMANDED with instructions to stay the federal action pending the outcome of the state proceedings.